UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN LEON CHAPTMAN,

    Plaintiff,

v.                                    Case No: 8:25-cv-1301-WFJ-SPF

ABSOLUTE RESOLUTIONS
INVESTMENTS, LLC,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant's Amended Motion to Stay Proceedings under the *Colorado River* Doctrine. Dkt. 27. For the following reasons, the motion is due to be granted.

In April of this year, Defendant Absolute Resolutions Investments, LLC ("ARI") filed a state court action to collect a credit card debt incurred by Plaintiff Kevin Leon Chaptman. *ARI v. Chaptman*, No. 25-CC-14858 (13th Jud. Cir. Hills. Cnty., Fla.); *see* Dkt. 27 at 2. On May 5, 2025, Chaptman filed a counterclaim in the state court case. Dkt. 27-1. On May 22, 2025, Chaptman filed this instant action alleging the same claims as those raised in his state court counterclaim. Dkt. 1.

Under the *Colorado River* doctrine, a district court may stay an action when there is an ongoing parallel action in state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Federal and state proceedings are parallel if they involve substantially the same parties and issues. *Ambrosia Coal & Const. Co. v. Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004). Here, the two actions are parallel because they both involve the same parties and the same issues—collection of a credit card debt in the state court complaint and damages for violations of credit reporting and unfair debt collection practices concerning the same credit card debt in the state court counterclaim and in this action.

In "exceptional circumstances," abstention is permitted after certain relevant factors are considered on a case-by-case basis. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 16–26 (1983) (discussing six factors under *Colorado River*); *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004). First, the state court action and counterclaim were filed prior to this action. The inconvenience factor weighs neither for nor against the respective fora. This action has not progressed at all, while the pleadings have closed in the state court action, and the state court case is poised to proceed.

The fourth factor—the desire to avoid piecemeal litigation—weighs heavily in favor of the state court action proceeding so that the existence of the debt may

first be determined. Allowing both the state and federal actions to proceed creates a distinct danger of piecemeal litigation.

Fifth, federal law does not provide the rule of decision in the underlying debt collection action. Finally, the state court will adequately protect the rights of all parties. The Court finds that the concerns raised by the *Colorado River* doctrine are best resolved by staying the proceedings of this Court until the Florida state court action concludes. *See Corestates, Inc. v. Phillips*, No. 1:16-cv-1170-ODE, 2016 WL 9454438, at *7 (N.D. Ga. Aug. 5, 2016) (granting *Colorado River* abstention). The debt collection action and violations of debt collecting and reporting are better resolved in state court where the debt collection case was filed.

Accordingly, Defendant ARI's Amended Motion to Stay Proceedings under the *Colorado River* Doctrine (Dkt. 27) is granted. This action is stayed until resolution of the state court action. The Clerk is directed to administratively close the case.

**DONE** and **ORDERED** in Tampa, Florida on November 17, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Plaintiff, *pro se*
Counsel of Record